IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RICKY J. JOHNSON | ) | |
| | ) | |
| Plaintiff, | )' | |
| | ) | |
| vs. | ) | Civil Action Number: 5:16cv453 |
| | ) | |
| HOMER BRYSON et. al | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT MARLER TO PLAINTIFF'S COMPLAINT

The following is the answer of defendant, Dr. Kevin Marler.

### FIRST DEFENSE

The plaintiff fails to state a claim upon which relief may be granted against defendant Marler.

### SECOND DEFENSE

Defendant Marler cannot be held vicariously liable for actions of others in which he did not participate, did not direct, authorize and did not ratify.

### THIRD DEFENSE

Defendant Marler denies that the plaintiff has been deprived of any rights, privileges, or immunities secured by the Constitution of the United States or the State of Georgia, or otherwise by law.

### FOURTH DEFENSE

No act or omission of defendant Marler caused or contributed to any of the plaintiff's alleged injuries or damages.

### FIFTH DEFENSE

The court lacks jurisdiction over the plaintiff's complaint.

## SIXTH DEFENSE

All claims asserted by the plaintiffs as to matters that occurred prior to two years next preceding the filing and service of this lawsuit are barred by the two year statute of limitations.

## SEVENTH DEFENSE

The Complaint may fail to state a claim over which the court may exercise subject matter jurisdiction if the plaintiff failed to exhaust available administrative remedies against defendant Marler prior to filing his lawsuit, as is required by the Prison Litigation Reform Act. Otherwise, the plaintiff's entitlement to compensatory or punitive damages is limited by the Prison Litigation Reform Act in the absence of an actual injury caused by defendant Marler.

## EIGHTH DEFENSE

Defendant Marler responds to the allegations of the plaintiff's complaint as follows:

1. The allegations of paragraph one are admitted.

2. The allegations of paragraph two are admitted.

3-5 This defendant lacks information sufficient to form a belief as to the truth of the averments of paragraphs three, four and five.

6. So much of the averments of paragraph six are admitted as show that the plaintiff prisoner is now confined at Jenkins Correctional Facility for at least the period alleged. The plaintiff alleges he filed a grievance regarding the matters set out in the complaint while he was at Ware State Prison. Dr. Marler is an employee of a private prison provider at Jenkins Correctional Center. He did not provide medical services to Mr. Johnson at Ware State Prison. Consequently, the plaintiff's averment he filed a grievance at Ware State Prison before coming to Jenkins affirmatively shows the lawsuit against Dr. Marler is barred by the

Prison Litigation Reform Act's requirement of the exhaustion of administrative remedies prior to filing.

7. The defendant lacks information sufficient to form a belief as to the list and dates of plaintiff's prior prisons, but acknowledges he has been continuously in prison for the period alleged in paragraph seven.

8. The plaintiff has identified himself and his location. No further response is required.

9. The plaintiff has listed the names of persons he desires to sue. He does <u>not</u> list Dr. Marler as a defendant he wishes to sue. He also lists a "Ms. (FNU) Turner, Regional Director, (C.C.A.) 10 Burton Hills Boulevard, Nashville, Tenn. 37215." This defendant is not aware of a Miss, Mrs. or Ms. Turner presently employed as a regional director.

V. <u>Statement of Claim</u>:

The defendant lacks information sufficient to form a belief at this time as to the plaintiff's travels to other prison facilities but admits he is situated at the time of this answer at Jenkins Correctional Center in Millen, Georgia, where the defendant is employed as a physician.

The plaintiff reports that the incident over which he has sued the defendants began in 2009 and ran until the filing of his lawsuit. Any claims for events more than two years next preceding the filing of the lawsuit on October 20, 2016 are barred by the applicable statute of limitations.

Defendant Dr. Marler lacks information sufficient to form a belief as to the truth of the averments of the statement of claim that occurred prior to the plaintiff prisoner's arrival at the Jenkins Facility. It is admitted the plaintiff came to Jenkins on or about May of 2015. Dr. Marler

further lacks information regarding the plaintiff's requested welding class at Phillips State Prison, since his role is limited to medical contacts. It is admitted the plaintiff had previously been diagnosed as having Hepatitis C and was continued on the chronic care clinic for that, including regular testing and oversight. The defendant lacks information about what treatment orders other physicians in the past may have discussed with the patient. However, those physicians would not issue orders for Dr. Marler to follow as his present physician. It is admitted the physician and patient did confer and a request was made to the Department of Corrections medical director, Dr. Lewis, regarding the plaintiff's future direction. As indicated, Dr. Marler told Mr. Johnson he had not heard from Dr. Lewis. It is admitted that at some point, possibly in 2016, Mr. Johnson was informed that he would not receive treatment at that particular time. It is admitted that Hepatitis C can be a serious disease that in some patients has some of the complications listed by the plaintiff. On information and belief, the defendant denies the plaintiff has experienced those as yet. Dr. Marler was not aware of patient Johnson's condition for over seven years and has only had contact with him as a patient since his arrival at the Jenkins facility. Dr. Marler has not received federal funds to provide treatment for inmates with Hepatitis C and is not aware of his employer having done so for Georgia state facilities. It is admitted that liver function is an important one. This defendant denies the plaintiff's condition as presently presented impairs him in a major life function. Indeed as he reports, he desired to attend welding classes at Phillips State Prison.

The defendant denies his condition mandates Solvaldi or Harvoni, or that those drugs are the medical standard of care for this patient, or that the drugs ensure cure of his condition in three months or less. It is denied this defendant made an election to deny the plaintiff the specific requested treatment based on costs since he does not pay those costs. He also denies that his

actions constitute deliberate indifference to a serious medical need. The defendant lacks information sufficient to form a belief as to the truth of the plaintiff's allegation that the C.D.C., F.D.A., U.S. Public Health Services, Veterans Administration and B.O.P. consider the drugs indicated to be the standard of care for this particular patient's condition. Diagnosis and treatment is dictated by the condition of particular patients.

It is denied this defendant has a legal and ethical duty to provide the particular treatment indicated as desired by plaintiff Johnson but acknowledges a legal duty not to be deliberately indifferent to the serious medical needs of prisoner patients. He has not been to Mr. Johnson. This defendant has not been involved in the transfer of the patient to and from various prison facilities and lacks the ability to effect such transfers.

Relief Requested:

3. The defendant denies the plaintiff is entitled to requested monetary relief from this defendant.

4. The defendant lacks information sufficient to form a belief as to whether the plaintiff is entitled to declaratory relief as to the Georgia Department of Corrections, as alleged, but denies that such relief is available as to this defendant.

5. The plaintiff requests the case proceed only under seal. This defendant is not aware of an order placing the case under seal and will file this answer for record with the clerk of court.

6. All allegations of the plaintiff's complaint not heretofore specifically admitted are denied. The defendant denies the plaintiff is entitled to any requested relief or to any other relief.

WHEREFORE, the defendant prays the court:

a. That judgment issue for defendant Marler and that the plaintiff's complaint be dismissed with costs assessed against the plaintiff;

b. That all relief requested in the plaintiff's complaint and amended complaint be denied;

c. That the defendant have a trial by jury; and

d. That the court afford such other and further relief as it deems necessary and proper.

This __24th__ day of ____July____, 2017.

                         Respectfully Submitted:

                         S/Stephen E. Curry
                         STEPHEN E. CURRY,       202500
                         Attorney for Defendant Marler

STEPHEN E. CURRY
3508-C Professional Circle
Augusta Georgia 30907-8232
(706)724-0022
securry@currylawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has this day served the Plaintiff with the foregoing Ansewr of Defendant Marler by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto as is required by law to:

>Ricky J. Johnson
>GDC 1124129
>LEGAL MAIL
>Jenkins Correctional Facility
>3404 Kent Farm Road
>Millen Georgia 30442

This __24th__ day of _____July_____, 2017.

Respectfully Submitted:

S/Stephen E. Curry
STEPHEN E. CURRY,           202500
Attorney for Defendant Marler

STEPHEN E. CURRY
3508-C Professional Circle
Augusta Georgia 30907-8232
(706)724-0022
securry@currylawfirm.com