# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RICKY J. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:16-cv-453-CAR-MSH |
| HOMER BRYSON, *et al.*, | : |
| Defendants. | : |

## ORDER ON RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 7] after the preliminary screening required by 28 U.S.C. § 1915A to allow Plaintiff's Eighth Amendment denial of medical treatment claims to proceed for further factual development and dismiss Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* Plaintiff has filed a timely Objection to the Recommendation to dismiss his ADA claims, asserting additional facts to address the deficiencies in his complaint described in the Recommendation. Having considered Plaintiff's objection and investigated these matters *de novo*, the Recommendation [Doc. 7] is hereby **ADOPTED IN PART and REJECTED IN PART** in light of Plaintiff's new factual allegations.

## DISCUSSION

Because Plaintiff has asserted additional facts in his Objection regarding his ADA

claim, the Court will **CONSTRUE** the Objection as a Motion to Amend the Complaint. "Although the form of those additional allegations w[as an] objection[ ] to the recommendation of dismissal, the collective substance of [it] was to attempt to amend the complaint. Because courts must construe *pro se* pleadings liberally, the district court should . . . consider [the plaintiff's] additional allegations in the objection[ ] as a motion to amend his complaint and grant[ ] it."[1] Accordingly, this Motion is **GRANTED**.

Title II of the ADA prohibits public entities from discriminating against disabled individuals, and it applies to services provided to inmates in Georgia state prisons.[2] To state a claim under Title II, the plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.[3]

The Eleventh Circuit has held that "the ADA is not a 'remedy for medical malpractice' and 'would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.'"[4] However, the ADA is not wholly inapplicable to claims based on deliberate indifference to an inmate's medical condition. Indeed, the Eleventh Circuit

---

[1] *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007).
[2] *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of 'public entity[.]"); *Bircoll v. Miami –Dade Cnty.*, 480 F.3d 1072, 1081 (11th Cir. 2007) (It is well settled law "that a disabled prisoner can state a Title II ADA claim if he is denied participation in an activity provided in state prison by reason of his disability.").
[3] *Redding v. Georgia*, 557 F. App'x 840, 844 (11th Cir. 2014) (per curiam).
[4] *Jones v. Rutherford*, 546 F. App'x 808, 811 (11th Cir. 2013) (quoting *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005)).

has held that a prison's failure to give a prisoner the treatment prescribed by his dermatologist "is sufficient for the Plaintiff to plead a prima facie ADA claim."[5]

With the newly-asserted allegations, Plaintiff has alleged more than a mere disagreement with his medical treatment. Plaintiff contends that he was diagnosed with Hepatitis C, and despite having been prescribed treatment, Defendants have failed to treat him for over nine years due to the costs. Plaintiff states the Hepatitis has progressed, and he has now been diagnosed with cirrhosis of the liver. His liver function is "substantially limited." Plaintiff states that he has lost nearly twenty pounds due to loss of appetite; has skin lesions; is suffering from headaches, nausea, and vomiting; and is experiencing bouts of anxiety and depression. These allegations are sufficient to permit Plaintiff's ADA claims to proceed for further factual development.

It appears Plaintiff has named only individuals as Defendants to his ADA claim, but the ADA "does not provide for individual liability."[6] However, the Court will construe Plaintiff's Complaint as seeking to raise his ADA claim against Defendants in their official capacity and will permit that claim to proceed for further factual development.[7] To the extent Plaintiff attempts to sue any Defendant in his or her

---

[5] *Lonergan v. Fla. Dep't of Corr.*, 623 F. App'x 990, 994 (11th Cir. 2015).
[6] *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).
[7] *Cf. Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 209 (1998) ("State prisons fall squarely within the statutory definition of 'public entity[.]'"); *see also* 42 U.S.C. § 12131(1) ("The term 'public entity' means . . . any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]"); *Dukes*, 428 F. Supp. at 1322 n.5 (holding that only the county that operated the jail "can be liable for any alleged

individual capacity for an ADA violation, such claims are DISMISSED.

## CONCLUSION

Based on the foregoing, the Order and Recommendation [Doc. 7] is **ADOPTED in part and REJECTED in part**. The findings and conclusions in the Order and Recommendation are hereby **INCORPORATED** and **MADE THE ORDER OF THE COURT** with the exception of the Magistrate Judge's recommendation to dismiss Plaintiff's ADA claim. Accordingly, Plaintiff's Eighth Amendment and ADA claims may proceed for further factual development.

To the extent Plaintiff's Complaint alleges an ADA claim against any Defendant in his individual capacity, that claim is DISMISSED.

**SO ORDERED**, this 8th day of September, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[ADA] violations as there is no individual liability under either the ADA or Rehabilitation Act").