IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKY J JOHNSON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:16-CV-453-TES-MSH |
| HOMER BRYSON, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

On October 20, 2016, Plaintiff filed the above captioned complaint (ECF No. 1) seeking relief under 42 U.S.C. § 1983. That complaint was amended via the Court's September 8, 2017, Order construing Plaintiff's objections to a Report & Recommendation ("R&R") (ECF No. 19) as a motion to amend. Order 1-2, ECF No. 36. Defendants filed separate motions to dismiss Plaintiff's original and amended complaints (ECF Nos. 34, 40, 74, 75, 85, 86).[1] Plaintiff moved for preservation of evidence, (ECF No. 69) sanctions, (ECF No. 70) and a protective order and preliminary injunction (ECF No. 95). For the reasons explained below, it is recommended that Defendants' motions to dismiss be granted and Plaintiff's motion seeking a protective order and preliminary injunction be denied. Plaintiff's motions for preservation of evidence and sanctions are denied.

---

[1] In a February 5, 2018, Text-only Order (ECF No. 97), the Court dismissed Defendants Bryson, Ferrell, Johnson, and Lewis' first Motion to Dismiss (ECF No. 34) as moot. However, the arguments made in that Motion are considered here because, in their separate Motions to Dismiss, Defendants Bryson, Ferrell, Johnson, Lewis, Tatum, Toole, Carter, Barrow, Hart, and Chaudray have incorporated each other's arguments for dismissal—including those contained in that motion. *See, e.g.*, Mot. to Dismiss 1, ECF No. 86.

## BACKGROUND

According to Plaintiff's original complaint, he was diagnosed with Hepatitis C in 2009, while imprisoned at Wilcox State Prison in Abbeville, Georgia. Compl. 4, ECF No. 1. After monitoring Plaintiff's condition for approximately two and a half years, a prison physician scheduled a liver biopsy. *Id.* The doctor then "scheduled a visit with the HCV 340(b) clinic[]" after receiving the biopsy results. *Id*. However, Plaintiff was transferred to Hays State Prison in Trion, Georgia, before visiting the clinic. *Id.*

On February 1, 2013, at Hays State Prison, Plaintiff had a "telemed" meeting with Defendant Dr. Chaudray who assured him "treatment would begin soon." Compl. 4. However, in March 2013, Plaintiff was transferred to Ware State Prison in Waycross, Georgia, before receiving treatment. *Id.* There, Defendant Dr. Ferrell informed Plaintiff that "he would be enrolled in the CCC HCV program." *Id.* But, according to Plaintiff, he was never enrolled in that program. *Id.* In May 2013, Plaintiff was transferred to Forsyth County for approximately three months to stand trial on outstanding charges and returned to Ware State Prison on August 9, 2013. *Id.*

Defendant Chaudray allegedly informed Plaintiff that if he was "patient he would receive the more advanced treatment as costs went down." Compl. 5. On July 23, 2013, Dr. Chaudray ordered a follow-up liver biopsy. *Id.* Plaintiff filed an internal grievance on May 9, 2014, complaining of being "denied treatment for HCV that was approved & prescribed." *Id*. at 4, 16. Plaintiff was then transferred to Jenkins Correctional Facility in Millen, Georgia, in May 2015. *Id.* at 5-6. That facility is operated by Corrections Corporation of America ("CCA"). *See id.* at 6.

There, Plaintiff continued to request treatment for Hepatitis C. Compl. 6. Defendant Dr. Marler initially told Plaintiff that CCA would not provide treatment but, when Plaintiff informed him treatment had already been prescribed, Dr. Marler agreed to "consult with D.O.C. officials in Atlanta, Ga." *Id*. In June 2016, Dr. Marler informed Plaintiff he would not receive treatment for Hepatitis C. *Id.* at 7.

Plaintiff made additional factual allegations in his amended complaint filed on June 30, 2017. Am. Compl. 2-3, ECF No. 19.[2] Plaintiff states he has been diagnosed with Cirrhosis of the liver since initiating this action.[3] He attributes this diagnosis to his Hepatitis C diagnosis as "[c]irrhosis is a chronic disease of the liver . . . commonly the result of alcohol abuse, nutritional abuse or (as in this case) infection." *Id*. at 2. Plaintiff claims his liver function "is now substantially limited" and that he suffered significant weight loss, skin lesions, headaches, high blood pressure, nausea, vomiting, anxiety, and depression. *Id*. He asserts "all of this is a direct result of Defendants' deliberate indifference to his serious medical need[s] by denying him access to his prescribed medical treatment." *Id*. at 3. On March 5, 2018, Plaintiff notified the Court that "he is now

---

[2] The amended complaint was titled "Plaintiff[']s Objection to Magistrate Judge's Order and Recommendation" and docketed as an "Objection to Report and Recommendations" but construed as an amended complaint. Order 1-2, ECF No. 36 ("Because Plaintiff has asserted additional facts in his Objection regarding his [Americans with Disabilities Act] claim, the Court will construe the Objection as a Motion to Amend the Complaint.").

[3] Plaintiff did not provide an exact date of the diagnosis in the amended complaint but said he received it "during the frivolity review period," which lasted approximately eight months. Am. Compl. 2, ECF No. 19. However, in his Motion for Protective Order and Preliminary Injunction (ECF No. 95) Plaintiff states that "[i]n June of 2017 Defendant Marler informed Plaintiff that the Hepatitis C had progressed to cirrhosis of the liver." Mot. for Prelim. Inj. 3, ECF No. 95.

receiving treatment for his Hepatitis C condition." Mem. to the Ct. 1, ECF No. 101.

## DISCUSSION

### I. Plaintiff's Claims & Defendants' Motions to Dismiss

    A. Eighth Amendment Claims

Plaintiff alleges that Defendants violated his Eight Amendment rights by acting with deliberate indifference to his serious medical need—treatment of his diagnosed Hepatitis C. Defendants contend that these claims are barred by the applicable statute of limitations.[4] The Court agrees with Defendants and recommends that Plaintiff's Eight Amendment claims be dismissed as time barred.

The forum state's limitation period applicable to personal injury actions is applied to actions brought under 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").

A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted). A plaintiff's untimely filing can be excused if the interests of justice weigh "in favor of

---

[4] Defendants have also argued that these claims should be dismissed because they fail to state a claim upon which relief may be granted. *E.g.,* Br. in Supp. of Mot. to Dismiss 10, ECF No. 34.

allowing [him] to assert untimely claims" because "circumstances beyond [his] control prevented timely filing." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). However, such "equitable tolling" is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

The filing period may also be extended under the "continuing violation doctrine" which "allows a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Lee v. Eleventh Judicial Circuit of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017). However, that doctrine's applicability is limited "to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation occurred." *Id.* at 898. "If an event should have alerted a reasonable plaintiff to assert his rights, then the plaintiff cannot rely on the continuing violation doctrine." *Id.*

Here, Plaintiff's deliberate indifference claims accrued—at the latest—on May 6, 2014. That day, in an internal grievance submitted at Ware State Prison, Plaintiff asserted that "medical staff is being deliberately indifferent to a serious medical need in violation of my 8th Amendment right against cruel & unusual punishment." Compl. Ex. A, ECF No. 1-1. Accordingly, the two-year window in which he could file suit based on those claims closed on May 6, 2016. However, Plaintiff did not file his complaint until October 12, 2016,[5] well past the two year deadline. Because Plaintiff's deliberate indifference claims

---

[5] Plaintiff's complaint was signed and notarized on October 12, 2016. Compl. 12, ECF No. 1. Under the "mailbox rule," filings made by *pro se* prisoner litigants are considered filed on the date they are delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

5

are untimely and no tolling doctrine is applicable, it is recommended that these claims be dismissed.

B.  Americans with Disabilities Act Claims

Plaintiff also alleges that Defendants violated his rights under the Americans with Disabilities Act ("ADA").  Specifically, he claims he was "refused participation in Georgia Dept. of Corrections (["]D.O.C.["]) programs including work programs at 'County Camps'" because of his Hepatitis C diagnosis.  Compl. 7-8.  He also asserts that Defendants' failure to provide him with prescribed treatments constitutes a violation of the ADA for which he is entitled to relief.  *See* Am. Compl. 3 ("Access to prescription medications is part of a prison[']s medical services and thus is one of the services programs or activities covered by the A.D.A.["]) (quoting *Kiman v. N. H. Dep't of Corr.*, 451 F.3d 274, 286-87 (1st Cir. 2006)).  Defendants argue that Plaintiff's ADA claims should be dismissed for failing to state a relievable claim, or, alternatively, as time barred.  *See, e.g.*, Br. in Supp. of Mot. to Dismiss 5-7, ECF No. 40-1.

Title II of the ADA prohibits public entities from discriminating against disabled individuals, and it applies to prisoners in state correctional facilities.  *See, e.g., Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).  To state a claim under Title II, a plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Redding v. Georgia*, 557 F. App'x 840, 844 (11th Cir. 2014) (per curiam) (internal

quotation marks and citation omitted).

On June 19, 2017, it was recommended that Plaintiff's ADA claims be dismissed for failing to state a relievable claim. Order and R. & R. 8-9, ECF No. 7. United States Senior District Judge C. Ashley Royal rejected that recommendation on September 8, 2017. Order 4. Judge Royal found that "[w]ith the newly-asserted allegations [made in Plaintiff's amended complaint,] Plaintiff has alleged more than a mere disagreement with his medical treatment." *Id.* at 3. Plaintiff's new allegations concerning his cirrhosis diagnosis and accompanying physical repercussions were required to make his ADA claims viable. Thus, those claims could not have accrued until those allegations were possible. *See Lovett*, 327 F.3d at 1182. Accordingly, Plaintiff's ADA claims are not time barred. However, it is recommended that they be dismissed because they are not claims on which relief may be granted.

### 1. *Discrimination by Exclusion*

The undersigned previously recommended that Plaintiff's discriminatory exclusion claim be dismissed because "[w]ithout some allegation that his infection is causing some symptoms that are 'substantially limiting' his liver function, Plaintiff cannot state an ADA claim upon which relief may be granted." Order & R. & R. 9 (citing *Horstkotte v. Comm'r*, Civil No. 08-cv-61-JL, 2009 WL 4907025, at *5 (D.N.H. Dec. 11, 2009). Plaintiff's amended complaint showed that his liver function was "substantially limited." Am. Compl. 2, ECF No. 19; Order 3. However, the factual circumstances supporting Plaintiff's amended allegations—which enabled him to make a facially valid ADA claim—arose after the alleged exclusionary incidents occurred. Accordingly, it is recommended that

Plaintiff's ADA claim based on exclusion from certain D.O.C. programs be dismissed as claims on which relief cannot be granted.

## 2. Failure to Provide Prescribed Treatment

Plaintiff's other ADA claim is based on his allegation that Defendants have denied him access to medical treatment prescribed to him. Am. Compl. 3; Order 3 ("Plaintiff contends that he was diagnosed with Hepatitis C, and despite having been prescribed treatment, Defendants have failed to treat him for over nine years due to the costs."). Defendants contend that this ADA claim should be dismissed because "no action by any [Defendant] could be shown to have been taken 'by reason of' Plaintiff's disability." *See* Br. in Supp. of Mot. to Dismiss 4, ECF No. 40-1.

As noted above, Plaintiff's ADA claims did not accrue until the factual circumstances supporting the allegations in his amended complaint existed. Plaintiff's allegations do not implicate any of the relevant Defendants in failing to provide his prescribed medical treatment by reason of his disability since his ADA claims accrued.[6] Accordingly, the Court recommends that Plaintiff's ADA claim against Defendants based

---

[6] Of the Defendants whose dismissal motions are considered here, only Defendants Lewis and Chaudray have been mentioned in connection to Plaintiff's medical care following his transfer to the Jenkins Correctional Facility. Plaintiff's original complaint refers to Defendant Lewis' involvement indirectly, saying that "Dr. Marler replied he was still waiting to hear from Dr. Sharon Lewis[]" regarding Plaintiff's inquiries into "the status of his treatment[.]" Compl. 6, ECF No. 1. Plaintiff refers to Defendant Chaudray in a later submission, alleging he "was enrolled in the chronic care clinic under the care and supervision of Defendant Chaud[ray], a [Georgia Department of Corrections] consultant in the area of gastroenterology and hepatology." Proposed Am. Compl. 3, ECF No. 62-2. Plaintiff has not specifically alleged that either Defendant Lewis or Defendant Chaudray (or any of the other Defendants relevant here) took actions violative of the ADA since his ADA claim accrued.

on a denial of prescribed medical treatment be dismissed for failure to state a claim on which relief may be granted.

## II. Plaintiff's Motions

### A. Motion to Preserve Evidence

On October 30, 2017, Plaintiff motioned the Court for an Order "requiring all Defendants and their vendors, employees[,] or agencies to preserve any and all evidence[.]" Discovery and discovery requests are not properly filed with the Court. *See* M.D. Ga. Loc. Civ. R. 5.1; *Bennett v. Chitwood*, 519 F. App'x 569, 572 (11th Cir. 2013) ("Federal rule of Civil Procedure 26, which regulates discovery generally, contemplates that the parties to a lawsuit will request production of documents directly from each other."). A litigating party "may move to compel a response if the requesting party has certified that he 'has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" *Id.* (quoting Fed. R. Civ. P. 37(a)(1)).

Here, discovery has been stayed pending a ruling on Defendants' motions to dismiss. Text-only Order, September 20, 2017. When the discovery stay is lifted, Plaintiff must serve any discovery requests directly on the defendant(s) from whom he seeks information. *See* Notice of Deficiency, October 19, 2017. If, after doing so and properly conferring with them—or attempting to do so in good faith, Plaintiff believes Defendants have not fulfilled their discovery obligations, he may motion for the Court to compel them to do so. The stay of discovery notwithstanding, Plaintiff's motion "to preserve evidence" is denied.

B. Motion for Sanctions

Also on October 30, 2017, Plaintiff filed a motion "pursuant to Rule 11(c) of the Federal Rules of Civil Procedure" seeking the imposition of sanctions upon Defendants Marler, Mohammad, and Turner. Mot. for Sanctions 1, ECF No. 70. Plaintiff alleges that Defendants' counsel failed to properly serve certain pleadings and mailed Defendant Marler's answer to the wrong inmate—which resulted in disclosures violative of the Health Insurance Portability and Accountability Act ("HIPAA") and "attorney / client privilege." Mot. for Sanctions 5.

Rule 11 imposes "on any party who signs a pleading, motion, or other paper—whether the party's signature is required by the Rule or is provided voluntarily—an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters, Inc.*, 498 U.S. 533, 551 (1991). "The applicable standard is one of reasonableness under the circumstances." *Id.*

Defendant Marler, through counsel, first submitted his answer to Plaintiff's complaint on July 24, 2017, along with a certificate of service showing he sent a copy of his answer to Plaintiff's address at the Jenkins Correctional Facility.[7] Plaintiff claimed that he had "still not received any correspondence from [Defendant Marler's counsel] Mr. Curry" as of October 20, 2017. Mot. for Sanctions 3. However, Plaintiff submitted an inmate mail history printout—as an attachment to another motion—which showed

---

[7] That document had to be resubmitted due to counsel's failure to submit the original in a proper PDF format. Notice of Deficiency, July 25, 2017. Counsel resubmitted the answer on August 3, 2017. Answers, ECF Nos. 24, 28. The resubmitted version also contained a signed certificate of service, though it was not dated. Answer 7, ECF No. 28.

incoming mail from "Stephen Curry" being delivered to Plaintiff's Jenkins Correctional Facility address on October 2, 2017. Mot. to Amend Ex. A, ECF No. 62-1. Plaintiff also claimed he would be "submitting an affidavit and the actual envelope the answer was [sent in]" to support his claim that a fellow inmate, "Mr. Daniel Spottsville," had received a copy of Defendant Marler's answer rather than Plaintiff. Mot. for Sanctions 5, 5 n. 1. However, no such supporting evidence has been submitted. Because Plaintiff has not shown that Defendant's counsel has acted in an objectively unreasonable manner in violation of the standard imposed by Rule 11, his motion for sanctions pursuant to that rule is denied.

C. Motion for Protective Order and Preliminary Injunction

On January 22, 2018, Plaintiff filed a motion seeking a protective order and preliminary injunction "to ensure that he receives proper medical care" and transfer "closer to his ill parents." Mem. in Supp. of Mot. 1, ECF No. 95-1. Based on the requests made by Plaintiff in the Motion, the Court construes it as one for preliminary injunctive relief. Because Plaintiff has not met the standard for entitlement to such relief, it is recommended that his Motion be denied.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.

11

2000) (citations omitted). Prisoner litigants seeking injunctive relief must also overcome statutory obstacles erected by Congress. *See e.g.*, 18 U.S.C. § 3626 ("Preliminary injunctive relief must be narrowly drawn . . . [t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief[.]").

### 1. Medical Treatment

Since filing this Motion, Plaintiff has begun receiving treatment for Hepatitis C. Mem. to the Ct. 1, ECF No. 101. Although he is now receiving the treatment sought, Plaintiff argues that his request for injunctive relief is not moot because his request for treatment "becomes moot only upon completion of the treatment regimen and a) the hepatitis is cured; or b) further treatment would be ineffective or futile." However, ordering Defendants to provide Plaintiff with treatment is now unnecessary to prevent irreparable harm as it would be, at best, duplicative. *See King v. Henry,* No. 6:15-CV-17, 2016 WL 3369615, at *2 (S.D. Ga. June 16, 2016), *R. & R. adopted*, 2016 WL 4424960 (S.D. Ga. Aug. 17). Further, there is no evidence that those responsible for Plaintiff's treatment will end it prematurely. Accordingly, it is recommended that Plaintiff's motion seeking injunctive relief in the form of ordered medical treatment be denied.

### 2. Transfer

Plaintiff also requests that the Court order him to a D.O.C. facility closer to his family. Mem. in Supp. of Mot. 1. He contends that the cancellation of his previously arranged transfer was retaliatory and injunctive relief is necessary to remedy that wrong. In support of his request, Plaintiff attached a transfer request form dated April 14, 2015, an

April 20, 2015, letter referencing his scheduled transfer to Phillips State Prison, and an "Inmate Request Form" dated November 27, 2017, on which a "Mr. Bizzle" states that the reason Plaintiff's transfer was denied was "[a] bed swap." Mot. for Prelim. Inj. Attachs. 3, 2, 6, ECF Nos. 95-3, 95-2, 95-6.

Plaintiff failed to allege a non-speculative irreparable injury or establish that his suggested injunctive relief would not be adverse to the public interest. Indeed, such an injunction would conflict with the established principle that prison administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Plaintiff has thus failed to show that he is entitled to injunctive relief and it is recommended that his motion be denied. *See, All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").

## III. Conclusion

For the reasons explained above, it is recommended that Defendants' motions to dismiss (ECF Nos. 40, 74, 75, 85, 86) be granted and Plaintiff's motion seeking a preliminary injunction (ECF No. 95) be denied. Plaintiff's motions for preservation of evidence and sanctions (ECF Nos. 69, 70) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a

13

copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 25th day of June, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE