IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKY J. JOHNSON,<br><br>*Plaintiff*,<br><br>v.<br><br>Dr. SHARON LEWIS, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:16-cv-00453-TES-MSH |

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Following the Court's Order [Doc. 178] adopting of the United States Magistrate Judge's Report and Recommendation [Doc. 171], Plaintiff filed a Motion for Reconsideration [Doc. 180] pursuant to Federal Rule of Civil Procedure 59(e), which states that "[a] motion to amend or alter judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In its Order, following a *de novo* review of the record in light of Plaintiff's Objection [Doc. 177], the Court adopted the magistrate judge's recommendation on two Motions for Summary Judgment [Doc. 144]; [Doc. 145] and ultimately dismissed his case. [Doc. 178 at p. 2]. For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 180].

A. <u>Standard of Review</u>

As Plaintiff realizes, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v.*

*Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522, at *1 (M.D. Ga. Oct. 24, 2017); [Doc. 180 at pp. 2–3]. Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

    B.    <u>**Plaintiff's Motion for Reconsideration**</u>

In his Motion, Plaintiff contends that the Court's explanation regarding his deposition questions to non-parties "is a clearly erroneous assessment of the facts and evidence contained in the record, and works a manifest injustice." [Doc. 180 at p. 4]. As Plaintiff states, the Court "[o]n September 6, 2019, . . . issued an Order granting Plaintiff's motion to submit written deposition questions to [non-parties]." [*Id.*]; *see also*

[Doc. 153 at p. 2]. In that Order, the magistrate judge afforded Plaintiff 28 days to submit his written deposition questions, and on October 4, 2019—28 days later—Plaintiff filed a Notice of Filing of Deposition Questions to Non-Parties [Doc. 160] "as a courtesy to the Court." [Doc. 153 at p. 2]; [Doc. 180 at p. 6]. This Notice contained two sets of questions: one to Dr. Guy Augustin, [Doc. 160-1], and the other to Dr. Yvonne Neau, [Doc. 160-2]. Plaintiff did not, notably, file any responses to those questions for the Court to consider as evidence.

While Plaintiff was not specifically instructed to file these responses, it goes without saying that if he wanted the Court to consider them—they needed to be filed. *See* [Doc. 153 at p. 2]. Plaintiff was, however, instructed to file a "response to Defendants' motion for summary judgment, relying on the non-parties' responses to his deposition questions," 28 days from September 6, 2019. [*Id.* at pp. 2, 7]. Again, that would have made his response deadline October 4, 2019. However, Dr. Neau did not even respond to Plaintiff's deposition questions until October 16, 2019. [Doc. 168-1 at p. 5]. Ideally, in light of Dr. Neau's response time, Plaintiff would have sought an extension of time from the Court so that he could include her and (presumably) Dr. Augustin's responses in his opposition brief to Defendants' summary judgment motion. It was not until October 18, 2019, that Defendants filed Dr. Neau's responses to

Plaintiff's deposition questions in the record. *Compare* [Doc. 160-2] *with* [Doc. 168-1]. Dr. Augustin's actual responses, however, are nowhere to be found.[1]

Plaintiff argues that the magistrate judge, and by extension the District Court via its adoption of the Report and Recommendation, "did not even consider Dr. Neau's sworn response," that (according to Plaintiff) "reveals that someone is lying[2] to the Court." [Doc. 180 at p. 15]. Based on this, he asserts that Dr. Neau's responses should be considered as "new evidence" warranting reconsideration.[3] [*Id.*]. Dr. Neau's responses, however, were not "new evidence" at the time the Court adopted the magistrate judge's Report and Recommendation. While the magistrate judge certainly could not have reviewed Plaintiff's Response [Doc. 173] "relying on the non-parties' responses to his deposition questions," because the magistrate judge had already filed his Report and Recommendation two weeks earlier (and because Plaintiff did not even have the responses yet—as far as Dr. Neau is concerned), the Court did, however, have the full opportunity to review the entire record. [Doc. 153 at p. 2]; [Doc. 163]; *see also* [Doc. 171]

---

[1] The only reference the Court has to Dr. Augustin's responses is included in Plaintiff's Response to Deposition Questions [Doc. 173]. However, because Dr. Augustin's actual responses are not filed on the record, the Court has no way to determine the truth of his recitation of Dr. Augustin's "responses" Plaintiff presets in his own filing. [Doc. 173 at pp. 1–9]. At any rate, not even all of the questions to and supposed responses from Dr. Augustin are even included in this document.

[2] Plaintiff states that "[t]he Court should figure out who is lying to the Court." [Doc. 180 at p. 14]. That burden, however, does not fall upon the Court. Plaintiff must not just raise allegations, he must also present arguments to support them. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made *nor advanced by* the parties.") (emphasis added).

[3] To be certain, *Defendants* filed Dr. Neau's responses on the record. *See* [Doc. 168-1].

*in connection with* [Doc. 173]. Then, and now once again, in light of Plaintiff's reconsideration motion, it is clear that Dr. Neau's responses and Dr. Augustin's supposed responses (which Plaintiff never filed but only referenced in his response to Dr. Augustin's deposition questions) would not change the Court's ruling. *See generally* [Doc. 173].

Lastly, Plaintiff contends that "[t]he Court's reliance on [Defendant] Marler's opinion in the field of hepatology and gastroenterology in making a determination of [his] medical condition is clearly erroneous" due to his bias and lack of training or other specialized knowledge in that particular field. [Doc. 180 at pp. 8–11]. This argument is clearly an attempt to relitigate a matter already settled by the Court, and is exactly the type of argument forbidden by Rule 59(e) motions. *See* [Doc. 171 at pp. 48–53 (discussing Defendant Marler's course of treatment for Plaintiff)]; *see also Daker*, 2017 WL 4797522, at *1, *supra*. True, the magistrate judge considered Defendant Marler's testimony concerning the medical basis for his diagnosis and treatment of Plaintiff's medical condition (Hepatitis C), but when evaluating deliberate indifference claims, courts are required to determine whether a medical professional, such as Defendant Marler, exercised medical judgment in treating a medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 106–08 (1976); *Harris v. Thigpen*, 941 F.2d 1495, 1507–09 (11th Cir. 1991); *see also* [Doc. 171 at p. 48 (citing *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995))].

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 180], and the Court's previous Order [Doc. 178] stands as filed and the Clerk's Entry of Judgment [Doc. 179] shall remain unaltered.

**SO ORDERED**, this 7th day of January, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**