IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICKY J. JOHNSON,**  *Plaintiff*,  v.  **Doctor SHARON LEWIS,** *et al.*,  *Defendants*. | **CIVIL ACTION NO. 5:16-cv-00453-TES-MSH** |

**ORDER**

Before the Court is Plaintiff Ricky J. Johnson's Motion for Entry of Judgment [Doc. 283] pursuant to Federal Rule of Civil Procedure 54(b). [Doc. 283, pp. 2–3]. In the alternative, Plaintiff also seeks a certification of appeal under 28 U.S.C. § 1292(b) and, if either are granted, he asks the Court to stay this case during the pendency of the interlocutory appeal.[1] [*Id.* at pp. 3–5].

On February 23, 2024, the Court granted Defendant Kevin Marler's Motion for Judgment on the Pleadings [Doc. 240] and ruled that "he is entitled to dismissal under the" Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). [Doc. 281, p. 18]. That's the ruling Plaintiff hopes to appeal before he heads to trial against any of the remaining

---

[1] On February 27, 2024, the Court granted Plaintiff's Motion for Expedited Consideration [Doc. 284], and subsequent briefs were timely filed on February 28, 2024, as ordered. [Doc. 285]; [Doc. 288]; [Doc. 290]; [Doc. 294].

defendants.[2] However, for the reasons discussed below, the Court **DENIES** his motion on both fronts.

At the outset of his current motion, Plaintiff makes sure to note that the dispositive motion deadline "had long passed" when the Court permitted Defendant Marler to "re-raise his exhaustion defense" and file an "eleventh-hour," post-remand motion under Federal Rule of Civil Procedure 12(c). [Doc. 283, pp. 1–2 (citing [Doc. 236])]. In discussing the oddly peculiar fashion in which this case finds itself, though, the Court made sure to explain why the plain text of Rule 12(c) permitted Defendant Marler's procedural Hail Mary so late in the game. [Doc. 281, pp. 6–7]. And, on top of that, the Court specifically mentioned how successive dispositive motions are appropriate "when the district court has found good reason to allow a second motion." [*Id.* at p. 7 n.3].

Not only did Defendant Marler rapidly bring his Rule 12(c) effort before the Court after this case returned from appeal, but his motion (based on Plaintiff's failure to

---

[2] In his Reply [Doc. 294], Plaintiff points out that the remaining defendants, Sharon Lewis and Joy Ferrell (scheduled to begin trial in less than a week), "are aligned" with his efforts "to stay proceedings in this Court pending appeal." [Doc. 294, p. 1]. Although Defendants Lewis and Ferrell "do not oppose" Plaintiff's motion, their implicit "okay" doesn't necessarily mean that they join in Plaintiff's request for interlocutory review or adopt his reasoning for it. [Doc. 290, p. 1]. Even if Defendants Lewis and Ferrell are in "alignment" with Plaintiff's efforts, they offer nothing of substance to support his request, merely offering that "[p]ractical considerations *may* weigh in favor of allowing an appeal now on the issues requested . . . ." [*Id.* (emphasis added)]. But, the Court isn't swayed by the number of parties that may agree on a certain issue. What does sway the Court, on this motion, is the Eleventh Circuit's binding precedent mandating that only the rare and truly unusual cases that meet the high mark for certification are allowed to go up and "multiply[] the number of proceedings [on] overcrowd[ed] appellate docket[s]." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).

exhaust under the PLRA) presented a unique situation in that no matter the procedural vehicle he chose—be it a motion to dismiss under Federal Rule of Civil Procedure 12(b), a motion for judgment on the pleadings under Rule 12(c), or a motion for summary judgment under Federal Rule of Civil Procedure 56—the Eleventh Circuit's holding in *Bryant v. Rich* routed it through a Rule 12(b) tunnel. [*Id.*]; 530 F.3d 1368, 1374–75 (11th Cir. 2008) (citations omitted). Rest assured, the Court was fully aware that the dispositive motion deadline "had long passed," but it nevertheless *clearly* found good reason—to ensure compliance with the PLRA—to permit Defendant Marler to file his Rule 12(c) motion. [Doc. 281, pp. 14–15 (citing *Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004))]. And, as mentioned above, the Court granted that motion and dismissed Plaintiff's claims against Defendant Marler. [Doc. 236]; [Doc. 281].

A. **Federal Rule of Civil Procedure 54(b)**

Under Rule 54(b) "[w]here an action presents 'more than one claim for relief,' the district court 'may direct entry of a final judgment as to one or more, but fewer than all, claims or parties.'" [Doc. 283, p. 2 (quoting Fed. R. Civ. P. 54(b))]. "A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). "First, the [C]ourt must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Here, the Court's decision with respect to Defendant

Marler is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* And, the impending judgment as to Defendant Marler would also be a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Id.*; [Doc. 281, p. 18 ("Consistent with the above rulings, the Court [grants] Defendant Kevin Marler's Motion for Judgment on the Pleadings [Doc. 240] and [dismisses] Plaintiff's claims asserted against him.") (emphasis omitted)].

Second, having found that the Court's decision as to Defendant Marler was "final," as the term is understood in this context, the Court must now determine whether there is no "just reason for delay" in certifying it as final and immediately appealable. *Lloyd Noland*, 483 F.3d at 777 (quoting *Curtiss–Wright*, 446 U.S. at 8). Determining "whether there are no just reasons to delay the appeal of individual final judgments in settings such as this," requires district courts to "take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss–Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

Given that this case began in 2016 and is three days from jury selection and trial, the Court simply cannot make such a determination. Acting as a "dispatcher," and in "exercis[ing] its discretion," the Court finds that to certify a judgment as to Defendant Marler under Rule 54(b) would undeniably work against "judicial administrative

4

interests" as jurors have already been summoned for a trial scheduled to begin on March 4, 2024, and an immediate appeal of the Court's decision as to Defendant Marler would almost certainly burden the Eleventh Circuit with a piecemeal appeal. *Lloyd Noland*, 483 F.3d at 778 (quoting *Curtiss–Wright*, 446 U.S. at 8). Moreover, the trial will be over in a week's time, and after expiration of the time to appeal as a matter of right, all appellate issues can be presented in one nicely wrapped appeal with the Eleventh Circuit having the benefit of the jury's verdict (not as to Defendant Marler, obviously).

As Defendant Marler argued in his Response, entering a Rule 54(b) judgment would not increase efficiency. [Doc. 288, p. 4 (quoting *Peden v. Stephens*, 50 F.4th 972, 979 (11th Cir. 2022)) ("And 'there is no reason to suppose that an immediate appeal will sufficiently increase efficiency.'")]. Rather, a Rule 54(b) judgment "would needlessly delay final resolution of the remaining . . . claims that have . . . survived dismissal" and "are set to be resolved next week at trial." [Doc. 288, p. 4 (quoting *Parker v. Ahmsi Ins. Agency Inc.*, No. 15-23840-CIV-MARTINEZ-GOODMAN, 2021 WL 8565968, at *4 (S.D. Fla. July 8, 2021))]. Bottom line—by the end of the trial next week, the district court's work on this case will be completed absent further instruction from the Eleventh Circuit. There just isn't any sense in sending only a small portion of this case up on appeal right now when the Eleventh Circuit can look at the entire case in just over a month.

Even if the Court, on one hand, were to grant Plaintiff's Rule 54(b) motion and he

appealed the ruling and final judgment on Defendant Marler's Rule 12(c) motion, the Court wouldn't enter a stay given the impending trial for a civil case that's over half a decade old. A tiny delay of a month or so just isn't enough to justify a guaranteed piecemeal appeal. On the other hand, if the Court were to grant Plaintiff's Rule 54(b) motion and the Eleventh Circuit reversed the Court on Defendant Marler's Rule 12(c) motion, then the Court will have to hold another trial solely for Plaintiff's claims against Defendant Marler because the trial scheduled for next week is going forward. That said, "the possibility of reversal pervades every case and provides no special circumstance" when deciding to grant a Rule 54(b) motion. *Multimedia Techs. Inc. v. City of Atlanta*, No. 22-13625, 2024 WL 64212, at *4 (11th Cir. Jan. 5, 2024) (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997)). Thus, the factors concerning judicial administrative interests and the policy against piecemeal appeals work against a judgment certification under Rule 54(b). And importantly, should the Eleventh Circuit see the PLRA exhaustion issue presented in this case differently, any potential second trial would present nothing "other than inconvenience." *Multimedia Techs.*, 2024 WL 64212, at *4 (quoting *Peden*, 50 F.4th at 979).

Finally, "the equities involved" factor fares no better for Plaintiff's attempt to delay trial by seeking immediate appellate review. *Id.* Again, this case is old. It has been on the Court's docket since 2016; jurors are already summoned for a fast-approaching trial; pretrial motions have been briefed, argued, and ruled upon; and, importantly,

even though Plaintiff is obviously okay with any delay as a result of an immediate appeal and stay of his case, the Court simply sees no just reason to delay the trial for the remaining defendants. *See Lloyd Noland*, 483 F.3d at 778 n.5 (citing *Curtiss–Wright*, 446 U.S. at 11) (observing that court of appeals must "scrutinize" the district court's evaluation of certain "juridical concerns," but that those aspects of the trial court's judgment that are "discretionary," such as its "assessment of the equities," are to be granted "substantial deference"). Accordingly, for the above-stated reasons and because the Eleventh Circuit has "stress[ed]" that "direct[ing] entry of a final judgment as to one or more, but fewer than all, claims or parties" should be "reserved for the unusual case," the Court **DENIES** Plaintiff's Motion for Entry of Judgment [Doc. 283] under Rule 54(b). Fed. R. Civ. P. 54(b); *Multimedia Techs*, 2024 WL 64212, at *4 (quoting *Ebrahimi*, 114 F.3d at 166–67).

    **B.**    **28 U.S.C. § 1292(b)**

Relying on 28 U.S.C. § 1292(b), Plaintiff alternatively asks the Court to enter an order certifying its ruling on Defendant Marler's Rule 12(c) motion for interlocutory review. When a district judge is of the opinion that a ruling in a civil action that is normally not appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[,]" that judge may certify an appeal. *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1253 (11th Cir.

2004). From this, the Eleventh Circuit poses three questions: "(1) What is a controlling question of law?; (2) what is a substantial ground for difference of opinion?; and (3) what does it mean for an appeal to materially advance the ultimate termination of the litigation?" *Id.* at 1257. As the party seeking an interlocutory appeal, the burden is on Plaintiff to establish each of those elements. *Id.* at 1263–64.

Now, before turning to whether Plaintiff meets his burden, the Court pauses to note that the Eleventh Circuit—with an eye towards preventing piecemeal litigation—has for some time now, stressed that "§ 1292(b) sets a high threshold for certification" and that although granted by district courts, "[m]ost interlocutory orders do not meet" that high threshold. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Thus, certification is only proper "in exceptional cases where decisions of the appeal may avoid protracted and expensive litigation, . . . where a question which would be dispositive of the litigation is raised[,] and [where] there is serious doubt as to how it should be decided." *McFarlin*, 381 F.3d at 1256. With that in mind, the Court turns to Plaintiff's efforts to meet the high burden for obtaining interlocutory review.

Although the Court undoubtedly understands Plaintiff's position as to why there could be substantial ground for difference of opinion on a controlling question of law regarding *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215 (11th Cir. 2010), the "question of law" must be "one of 'pure' law," in which the appellate court "can decide quickly and cleanly without having to study the record." *McFarlin*, 381 F.3d at 1258.

8

This record is dense. Plaintiff commenced this lawsuit on October 20, 2016, so more than seven years' worth of filings comprise what the Eleventh Circuit may have to potentially wade through in order to settle this area of its precedent. [Doc. 1]. To that end, it is this Court's opinion that the question of law presented here is not one in which the Eleventh Circuit could dispense with quickly. For that reason alone, the Court could deny Plaintiff's request for certification under § 1292(b) because its "standard is conjunctive, meaning that if any [requirements] are not satisfied, the Court must deny interlocutory review." *Havana Docks Corp. v. Carnival Corp.*, Lead Case No. 19-cv-21724 BLOOM/MCALILEY, 2022 WL 1522007, at *2 (S.D. Fla. May 13, 2022) (citation omitted).

Next, Plaintiff argues that "the Court's exhaustion ruling presents 'a substantial ground for difference of opinion.'" [Doc. 283, p. 4]. To the extent Plaintiff argues that because his view of the issue is different than Defendant Marler's (and the Court's) there is a substantial ground for difference of opinion, such an argument isn't the relevant inquiry.[3] To show the existence of a substantial ground for difference of opinion, Plaintiff needed to show that "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015) (citing cases). Plaintiff made no

---

[3] "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017).

9

attempt to lay out or present his positions as to any of those three showings in his effort to obtain certification under § 1292(b). *See, e.g.*, [Doc. 283, pp. 3–5].

Despite this, there's no denying that the issues surrounding Defendant Marler's Rule 12(c) motion in connection with exhaustion under the PLRA and the Court's deference (or lack thereof for the simple fact that the case is just different) to *Parzyck* are complex. However, "merely showing that the order for which appeal is sought presents a difficult ruling, or demonstrate[es] a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 8:15-cv-1093-T-17, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016). To that end, though, the outcome of Defendant Marler's Rule 12(c) motion wasn't even really that "close" of a call.

First, the Court went on for pages about why all the factual differences between this case and *Parzyck* prevent *Parzyck* from controlling the PLRA determination made with respect to Defendant Marler. [Doc. 281, pp. 9–15]. Again, *Parzyck* only involved *one* prison. This case involves more than one. Second, the analogous facts in *Diamond v. Owens* from the Middle District of Georgia, call for the exact conclusion reached by the Court concerning PLRA exhaustion. 131 F. Supp. 3d 1346, 1363 (M.D. Ga. 2015); [Doc. 281, pp. 15–16].

Third, the Northern District of Florida's reasoning in *Johnson v. Florida Department of Corrections*, 826 F. Supp. 2d 1319 (N.D. Fla. July 20, 2011), arguably stretched *Parzyck* beyond its extremely limited holding when it came to the Secretary of

the Florida Department of Corrections' "ultimate responsibility" for grievances. [Doc. 281, pp. 16–17]. And, the Standard Operating Procedures ("SOP") for the Georgia Department of Corrections are likely different than Florida's. As for the SOPs relevant here, there is nothing in them to suggest that exhausted grievances automatically transfer with a prisoner or that notice of alleged wrongdoing grieved and appealed by a Georgia prisoner to the Commissioner for the Georgia Department of Corrections at one state-run prison constitutes "notice" to prison officials at a completely different, privately run prison. Plus, even if the Northern District of Florida's reasoning is correct, it isn't controlling in the Middle District of Georgia. And, fourth, the Second Circuit case is absolutely not controlling and, again, it didn't deal with two prisons. [*Id.* at pp. 17–18]. Sure, the Court's discussion of the PLRA issue presented in this case may have lacked brevity, but length shouldn't be indicative that the outcome of the issue was a close question, because it wasn't.

The final requirement that the controlling question of law "may materially advance the ultimate termination of the litigation" is straightforward. *McFarlin*, 381 F.3d at 1259 (citation omitted). The Eleventh Circuit has interpreted this requirement to "mean[ ] that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* While it's true that if the Eleventh Circuit disagrees with the Court on its decision regarding Defendant Marler's exhaustion defense and, by greater extension, its decision on what is required of

Georgia prisoners with respect to grievances when they transfer "from prison to prison or from one prison to '[an]other correctional facility,'" then the Court may have to conduct two trials—the one scheduled for March 4, 2024, and another exclusively for Plaintiff's claims against Defendant Marler. Despite this, the Court simply believes that *this case*, given the depth of discussion on the specific issues to be appealed and its procedural posture, is not of the nature intended for a § 1292(b) interlocutory-review certification. [Doc. 283, pp. 4–5]; [Doc. 281, p. 14 (quoting 42 U.S.C. § 1997e(a))].

Even if the Court were to certify this case under § 1292(b), there is no certainty that the Eleventh Circuit would even accept the appeal—a decision that wouldn't likely even come until well after the trial for this case is over and done. Just because a district court certifies a case under § 1292(b) doesn't automatically force that case onto an appellate court's docket for full-fledged consideration. Certainly, deference may be given to a district court's consideration regarding the suitability of an interlocutory appeal, but appellate courts don't "defer to a district court in policing the boundaries of [their] jurisdiction." *See Lloyd Noland*, 483 F.3d at 778 n.5 (citing *Sears, Roebuck & Co.*, 351 U.S. at 444). In other words, there is not an appellate court in this country that is going to allow a "district court to command [a] court of appeals to exercise jurisdiction." *See Sears, Roebuck & Co.*, 351 U.S. at 444 (Frankfurter, J., concurring).

Let's assume for argument's sake that the Court certified its ruling on Defendant Marler's Rule 12(c) motion but that the Eleventh Circuit disagrees with the Court's §

1292(b)-based certification. Under that scenario, where the Eleventh Circuit declines to take the interlocutory appeal, the Court would still be facing two trials because, again, the one scheduled for March 4, 2024, is going forward. Then, there's the possibility that the Eleventh Circuit ultimately finds the Court's decision regarding Defendant Marler's Rule 12(c) motion and its determinations with respect to PLRA exhaustion to be wrong. That scenario would, again, call for a second trial. However, it can't be forgotten that the ever-looming possibility of reversal isn't something district courts need to consider when making what is essentially a suggestion to appellate courts that they might need to consider a piecemeal appeal. *See Multimedia Techs.*, 2024 WL 64212, at *4 (discussing Rule 54(b)). Given that the Court faces the same potential two-trial scenario, it sees no reason not to go ahead and try the case against the remaining defendants and allow the case to proceed along the normal appellate tracks and in the traditional manner. For these reasons, the Court **DENIES** Plaintiff's request for a certification of appeal under 28 U.S.C. § 1292(b), and consequently, there is no reason to stay this case. It will proceed to jury selection and trial on March 4, 2024, as scheduled.

    **SO ORDERED**, this 29th day of February, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
