# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICKY J. JOHNSON,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Doctor SHARON LEWIS,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00453-TES-MSH** |

## ORDER ON NON-PARTY MOTIONS TO QUASH SUBPOENAS

The above-captioned case is set for trial on March 4, 2024. [Doc. 214]. On February 14, 2024, Plaintiff Ricky J. Johnson issued Subpoenas to two individuals, Dr. Keith Ivens and Dr. Yvonne Neau, to appear at his trial and provide testimony. [Doc. 286-2, p. 2]; [Doc. 287-2, p. 2]. Then on February 28, 2024, Plaintiff served Dr. Kevin Marler (who, up until February 23, 2024, was a named defendant in this case) with a Subpoena on February 28, 2024. [Doc. 300-1, pp. 1–2]; [Doc. 281]. However, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii) and Federal Rule of Civil Procedure 45(b)(1), respectively, Dr. Ivens and Dr. Neau, move to quash Plaintiff's Subpoenas issued as to them.[1] [Doc. 286]; [Doc. 287]. Similarly, Dr. Marler, relying on Rule

---

[1] Both Dr. Ivens and Dr. Neau also argue that the Court must quash Plaintiff's Subpoenas under Rule 45(d)(3)(A)(iv) because they—for different reasons—would be unduly burdened if required to comply. Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required must quash . . . a subpoena that . . . subjects a person to undue burden."); [Doc. 286-1, pp. 2–4]; [Doc. 287-1, pp. 3–5].

45(d)(3)(A)(iv) and his recent non-party status, seeks to quash Plaintiff's Subpoena on the basis that if he is compelled to testify, he will be subjected to an undue burden. [Doc. 300-1, pp. 2–4]. Upon review of the submissions before it as well as the parties' arguments and the applicable law, the Court **DENIES** Dr. Ivens' Motion to Quash [Doc. 286], **GRANTS** Dr. Neau's Motion to Quash [Doc. 287], and **DEFERS RULING** on Dr. Marler's Motion to Quash [Doc. 300].

### A. Dr. Keith Ivens

First, Rule 45(d)(3) provides several potential grounds for quashing a subpoena—some mandatory, some discretionary. A district court "must quash" a subpoena that "requires a person to comply beyond the geographical limits specified" in Federal Rule of Civil Procedure 45(c). Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c) provides that "[a] subpoena may command a person to attend a trial" that is "within 100 miles of where the person resides[.]" *Id.* at 45(c)(1)(A). Dr. Ivens contends that the mandatory ground for quashing Plaintiff's Subpoena based on "geographical reach" "[is] present here." [Doc. 286, ¶¶ 1–2].

According to the Subpoena [Doc. 286-2] issued to Dr. Ivens, he does not reside in Georgia, and his residence in Nashville, Tennessee, is more than 300 miles from the Macon Division of the Middle District of Georgia. [Doc. 286-2, p. 2]; Fed. R. Civ. P. 45(c)(1)(A)–(B). If the residential geographical limit was the only consideration to be made under Rule 45(c), then the Court would undoubtedly be required to quash the

Subpoena issued to Dr. Ivens since it involves an out-of-state resident beyond the 100-mile limit. Fed. R. Civ. P. 45(c)(1)(A). Rule 45(c), though, also states:

> [a] subpoena may command a person to attend a trial . . . within the state where the person . . . is employed, or regularly transacts business in person, if [he] is a party or a party's officer [or] . . . is commanded to attend a trial and would not incur substantial expense.

*Id.* at 45(c)(1)(B). Based on this, Plaintiff contends that even though Dr. Ivens resides in Nashville, he must still comply with the Subpoena "if he 'regularly transacts business in person' within 100 miles" of the courthouse for the Macon Division for the Middle District of Georgia or "within Georgia" "and 'would not incur substantial expense' in attending the trial." [Doc. 298, p. 2 (quoting Fed. R. Civ. P. 45(c)(1)(B))].

Although Dr. Neau, represented by the same counsel as Dr. Ivens, provided a Declaration [Doc. 287-3] in support of her Motion to Quash [Doc. 287], Dr. Ivens provided nothing for the Court's consideration on whether he transacts business in Georgia. Dr. Ivens was certainly aware of the entirety of Rule 45(c) at the time he moved to quash Plaintiff's Subpoena. However, maybe perhaps because he knows the "transacts business in person" part of Rule 45(c)(1) applies to him, he offered nothing to demonstrate that he does not regularly transact business within 100 miles of the Macon Division courthouse or within Georgia. Fed. R. Civ. P. 45(c)(1)(A)–(B). To this, Plaintiff contends that "it is hard to see how" Dr. Ivens, as the Chief Medical Officer for CoreCivic, Inc., doesn't regularly transact business as contemplated by Rule 45(c)(1)(A) or (c)(1)(B). [Doc. 298, pp. 2–3]; Fed. R. Civ. P. 45(c)(1).

3

To that end, Plaintiff posits that there are least five CoreCivic facilities in Georgia. [Doc. 298, p. 3]. Candidly, though, Plaintiff's argument regarding CoreCivic's locations isn't "evidence" that the Court can really consider, but that still doesn't erase the fact that Dr. Ivens unequivocally failed to demonstrate how and why the Court must quash Plaintiff's Subpoena under Rule 45(d)(3)'s mandatory requirements because he meets every turn of Rule 45(c)(1). Fed. R. Civ. P. 45(d)(3) ("[T]he court for the district where compliance is required must quash . . . a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]"). After all, it is axiomatic that "[t]he moving party has the burden of proof" when it comes to quashing. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (discussing burden of proof regarding motion to quash based on argument "that compliance with the subpoena would be 'unreasonable and oppressive'"); [Doc. 298, p. 3 (Plaintiff's argument that Dr. Ivens "bears the burden to establish that the properly served [S]ubpoena is invalid")].

Despite being aware of the other portions of Rule 45(c)(1), Dr. Ivens didn't account for implications about whether the courthouse for the Macon Division is "within 100 miles of where [he] regularly transacts business in person" or whether he "regularly transacts business" "within" Georgia. Fed. R. Civ. P. 45(c)(1)(A)–(B). Absent such information, the Court simply can't assume that Dr. Ivens doesn't fall within some grasp of Rule 45(c)(1). *Id.* To the extent possible, Dr. Ivens should have tendered an

4

affidavit or declaration stating that he doesn't "regularly transact[] business in person" within 100 miles of the courthouse or "within the state." *Id.* Consequently, without more, the Court simply can't say that Dr. Ivens is beyond the Court's subpoena power, and it **DENIES** his Motion to Quash [Doc. 286] based on his contention that his Nashville residence alone puts him beyond every reach of Rule 45(c)(1).

With respect to Dr. Ivens' alternative effort to quash Plaintiff's Subpoena under Rule 45(d)(3)(A)(iv), Dr. Ivens argues that he "would be unduly burdened if forced to testify at [Plaintiff's] trial." [Doc. 286-1, p. 2]. Again, Rule 45(d)(3)(A)(iv) is one of those mandatory grounds in that it *requires* district courts to "quash . . . a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). As Plaintiff notes, Dr. Ivens' "claim of undue burden is solely premised on the notion that he is a non-party and that his testimony would not be relevant." [Doc. 298, p. 3]; *see also* [Doc. 286-1, pp. 2–4].

"To determine whether a subpoena imposes an undue burden, courts consider several factors, including the: (1) [person's] status as a party or non[-]party, (2) 'relevance of the information requested,' and (3) 'burden imposed by enforcing the subpoena.'" *Gamache v. Hogue*, 595 F. Supp. 3d 1344, 1355 (M.D. Ga. 2022) (citations omitted). Thus, although a person's status of "party" or "non-party" can be a "significant factor" that courts may (and should) consider "when "balanc[ing] the interests served by demanding compliance with [a] subpoena," non-party status,

5

without more, doesn't automatically entitle a person to a successful subpoena quash. *Robinson v. McNeese*, No. 5:20-cv-00160-TES, 2021 WL 232672, at *2 (M.D. Ga. Jan. 22, 2021) (citations omitted); [Doc. 286-1, pp. 2–3 (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019))]. Moreover, when it comes to this case, any perceived undue burden isn't really that much of a concern for the Court since Plaintiff has confirmed that he's "willing to 'take reasonable steps to avoid imposing undue burden or expense' on Dr. Ivens, including [compensation] for reasonable travel expenses incurred in the course of appearing for trial." [Doc. 298, p. 3 (quoting Fed. R. Civ. P. 45(d)(1))].

Now, as to relevance of testimony, Dr. Ivens argues that "there is nothing in [his] potential testimony that would support any of the essential elements of [Plaintiff's] deliberate indifference claim." [Doc. 286-1, pp. 3–4]. Plaintiff, of course, says differently in his Response [Doc. 298] to Dr. Ivens' efforts to quash his Subpoena. [Doc. 298, pp. 3–4]. Without fully reiterating those reasons here, it seems that Dr. Ivens may be able to provide relevant testimony based on "personal knowledge of [Plaintiff's] medical history and . . . treatment" regarding email correspondence in connection with Plaintiff's claims for deliberate indifference. [*Id.* at p. 4]. Since the true relevance of what Plaintiff hopes to elicit from Dr. Ivens will undoubtedly become clearer during trial, the Court also **DENIES** his Motion to Quash [Doc. 286] based on his argument that Rule 45(d)(3)(A)(iv) requires the Court to quash Plaintiff's Subpoena because of an undue

6

burden. [Doc. 286-1, p. 2]. If the testimony proffered by Dr. Ivens turns out to be irrelevant, the are evidentiary mechanisms in place—if properly raised—to prevent the jury from hearing such testimony. *See* Fed. R. Evid. 401.

### B.   Dr. Yvonne Neau

Next, relying on Rule 45(b)(1), Dr. Neau moves to quash Plaintiff's Subpoena issued to her on February 14, 2024, on the basis that she "was never personally served with [it]." [Doc. 287-1, p. 2]; [Doc. 287-2, p. 2]. The Federal Rules of Civil Procedure authorize "[a]ny person who is at least 18 years old and not a party [to] serve a subpoena." Fed. R. Civ. P. 45(b)(1). Further, service of a subpoena "requires delivering a copy [of it] *to the named person*." *Id.* (emphasis added). According to Dr. Neau's Declaration filed contemporaneously with her efforts to quash Plaintiff's Subpoena [Doc. 287-2], she states it wasn't personally delivered to her. [Doc. 287-3, Neau Decl., p. 2 ¶¶ 3, 5]. Instead, Plaintiff's Subpoena was apparently delivered to "[her] husband at [their] home while [she] was not there." [*Id.* at p. 2 ¶ 4].

Relying on a few intra-circuit cases in his Response [Doc. 299], Plaintiff contends that Rule 45(b)(1) does not require personal service and that the Eleventh Circuit has not specifically ruled on the issue. [Doc. 299, p. 2 (first citing *BG Strategic Advisors, LLC v. FreightHub, Inc.*, No. 21-80299-Civ-Matthewman, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023); and then citing *Castleberry v. Camden Cnty.*, 331 F.R.D. 559, 562 (S.D. Ga. 2019))]. "To the contrary," Plaintiff argues, "Rule 45's text requires "delivering a copy to the

7

named person" and does not specify the method of delivery. [Doc. 299, pp. 2–3 (quoting Fed. R. Civ. P. 45(b)(1))]. To that, the Court would simply just ask: Was Dr. Neau's husband the "*named person*" in the Subpoena? Fed. R. Civ. P. 45(b)(1) (emphasis added).

While the Eleventh Circuit may have yet to address Rule 45(b)(1), in this context, the Former Firth Circuit certainly has, and everyone knows that *Bonner v. City of Prichard* made the Fifth Circuit's precedent as of September 30, 1981, binding on this Court. 661 F.2d 1206, 1207 (11th Cir. 1981). Therefore, consistent with the binding precedent from the Former Fifth Circuit, it's clear that Plaintiff's Subpoena issued to Dr. Neau on February 14, 2024, "was not served in conformity with" Rule 45(b)(1). *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding that service on someone other than the named person in a subpoena renders such service a nullity and is "not served in conformity with [Rule 45]"); [Doc. 287-2, p. 2]. Thus, as to *that* Subpoena, the Court **GRANTS** Dr. Neau's Motion to Quash [Doc. 287].[2] [Doc. 287-2, p. 2]. "In any event," however, Plaintiff states that he "dispatched a process server to Dr. Neau's residence" on February 28, 2024, to ostensibly "take[] steps to cure any purported defect" related to service of his Subpoena. [Doc. 299, p. 3].

---

[2] Since the Court quashes Plaintiff's Subpoena issued to Dr. Neau on February 14, 2024, for lack of proper service, the Court does not venture into Dr. Neau's additional arguments that she, as a non-party, would be unduly burdened if forced to provide testimony at Plaintiff's trial. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); [Doc. 287-1, pp. 3–5]. *See* n.1, *supra*.

### C. Dr. Kevin Marler

As can be assumed, the same reasoning discussed above with respect to Dr. Ivens' perceived undue burden also applies to Dr. Maler's arguments about his status as a non-party. In other words, the fact that Dr. Marler is a non-party will not help him quash Plaintiff's Subpoena for the impending trial. [Doc. 300-1, p. 2 (citing *Robinson*, 2021 WL 232672, at *2)]. Generally, Dr. Marler further argues that there is no way he can "provide any relevant testimony at trial because" of the timeframe within which Plaintiff was under his care. [Doc. 300-1, p. 2].

Although Dr. Marler moved to quash Plaintiff's Subpoena "as soon as practicable" on Friday, March 1, 2024, trial commences on the next business day—Monday, March 4, 2024. [*Id.*]; [Doc. 214]. For that reason, the Court **DEFERS RULING** on Dr. Marler's Motion to Quash [Doc. 300], and it will hear arguments from Plaintiff with respect to this motion first thing Monday morning. Dr. Marler's Motion for Expedited Consideration [Doc. 301] is **GRANTED in part**. If Plaintiff wants to file a response, he must do so by 7:00 P.M. EST on March 1, 2024. [Doc. 303, p. 1]. Lastly, should the Court decline to quash Plaintiff's Subpoena served on Dr. Marler pursuant to Rule 45(d)(3)(A)(iv), the Court notes that Dr. Marler needs to ensure that he can appear in person and be prepared to testify at Plaintiff's trial in two hours' time.

### D. Conclusion

As further set out above, the Court **DENIES** Dr. Keith Ivens' Motion to Quash

[Doc. 286], **GRANTS** Dr. Yvonne Neau's Motion to Quash [Doc. 287], and **DEFERS RULING** on Dr. Kevin Marler's Motion to Quash [Doc. 300].

    **SO ORDERED**, this 1st day of March, 2024.

                                             *S/ Tilman E. Self, III*
                                             **TILMAN E. SELF, III, JUDGE**
                                             **UNITED STATES DISTRICT COURT**