IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICKY J. JOHNSON,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Dr. SHARON LEWIS,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:16-cv-00453-TES-MSH** |

**ORDER ON PLAINTIFF'S FEE PETITION**

Before the Court is Plaintiff Ricky J. Johnson's Fee Petition [Doc. 325] filed pursuant to 42 U.S.C. § 1988(b). [Doc. 325, p. 1]. Plaintiff acknowledges that the Eleventh Circuit has ruled that the cap on reasonable attorneys' fees for a prevailing-prisoner plaintiff imposed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d)(2), is constitutional. [*Id.* at p. 1 n.1 (citing *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 799 (11th Cir. 2003))]. Nevertheless, he asks the Court to ignore the statutory restriction identified in § 1997e and calculate his attorneys' fees "using the attorneys' hourly rates and time spent" on various motions, trial preparation, voir dire, and trial. [*Id.* at pp. 1–2]. In other words—declare the cap unconstitutional.

A. <u>**Attorneys' Fees**</u>

While the Court must consider the parties' arguments about whether the fees incurred and hours expended on Plaintiff's case are reasonable, the Court declines to

ignore Congress' statutory cap on fees that has been discussed at length and—as of now—upheld by the Eleventh Circuit. [Doc. 332, pp. 4–6]; [Doc. 336, pp. 7–12]; *see also* [Doc. 332-1]; [Doc. 336-1]. Let's start with the relevant statutory language:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that--
>
> > (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> >
> > (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> > (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.
>
> (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d). As Plaintiff candidly acknowledged, "Section 1997e(d) . . . limits the award of attorneys' fees in cases" that are brought by prisoners, who like him, are

awarded a monetary judgment. [Doc. 336, p. 3 (quoting 42 U.S.C. § 1997e(d))].

Relying on *Murphy v. Smith* from the Supreme Court, the Eleventh Circuit determined that attorneys' fees requested under § 1988(b) are, in fact, limited by § 1997e(d)(2). *Thompson v. Smith*, 805 F. App'x 893, 906 (11th Cir. 2020) (citing 538 U.S. ----, 138 S. Ct. 784, 789 (2018)). Here, the jury entered two verdicts in Plaintiff's favor. The first was against Defendant Joy Ferrell, the personal representative for the estate of Dr. Thomas Ferrell, for $1.00 in nominal damages, and the second was against Defendant Dr. Sharon Lewis for compensatory damages in the amount of $20,000 due to her deliberate indifference to Plaintiff's serious medical need. [Doc. 319]; [Doc. 336, pp. 13–15]. Those two verdicts total $20,001.00. *See* [Doc. 320].

After considering the maximum hourly rates allowed under the PLRA and closely reviewing each timekeeper's submissions as well as the declarations filed in support of Plaintiff's Fee Petition, the Court finds that there is at least $30,001.50 in attorneys' fees—or 150% of the sum of the Judgment—to be recovered in this case. *See generally* [Doc. 325-1]; [Doc. 336-1]. Once a court finds reasonable attorneys' fees in an amount of at least 150% of the total judgment, it need not go any further in its review of the amounts sought above that percentage because they cannot be recovered as a matter of law. 42 U.S.C. § 1997e(d)(2).

Although not per se binding, *Thompson* is nevertheless persuasive enough for this Court to follow and cap Plaintiff's attorneys' fees at $25,001.25—that being 150% of

3

$20,001.00 minus the 25% that Congress mandated to be contributed to a prevailing-prisoner plaintiff's attorneys' fees. *Id.*; *Thompson*, 805 F. App'x at 907. In any event, *Jackson*'s holding that § 1997e(d) is constitutional is nonetheless binding, and it's simply "not the place of a district court to decide when a circuit precedent is overruled or abrogated to the point that it is no longer binding on lower courts." 331 F.3d at 794–99; *Thompson*, 805 F. App'x at 908 n.2 ("Our holding today conforms with our previous acknowledgment of a 'fee cap' in § 1997e(d)(2)."); *Mosby v. City of Byron*, No. 5:20-cv-00163-TES, 2021 WL 297129, at *4 (M.D. Ga. Jan 28, 2021). Such decisions "remain[] the exclusive domain for the circuit court[s]." *Mosby*, 2021 WL 297129, at *4.

B.  **Waiver of Constitutional Challenge**

Undeterred, Plaintiff argues in his Reply [Doc. 336][1] that Defendants "do not grapple with [his] argument that all limits on his attorneys' fee award imposed by 42 U.S.C. § 1997e(d)—including, *inter alia*, his limits on his total fee award as well as limits on his counsel's [*sic*] rate—are unconstitutional." [Doc. 336, p. 2]. Well, why would they? Or better yet—*how* could they? Defendants understandably and quite reasonably

---

[1] By a little over two pages, Plaintiff's Reply exceeds the page limitation set by this Court's Local Rules. [Doc. 336, pp. 1–13]; LR 7.4, MDGa ("[T]he movant's reply brief may not exceed ten (10) pages."). After the Clerk of Court issued a Notice of Deficiency reminding Plaintiff that leave of court is required before a party may exceed a page limitation, Plaintiff filed an Unopposed Motion for Leave to File Reply Brief and Exceed Page Limit [Doc. 337]. LR 7.4, MDGa (requiring advance notice of five days for parties seeking to exceed the ten-page limit for reply briefs). Notwithstanding what the Court thinks is a "straightforward rule" that ought to be easily complied with, it **GRANTS** Plaintiff's Unopposed Motion for Leave to File Reply Brief and Exceed Page Limit [Doc. 337]. *Travelers Prop. Cas. Co. of Am. v. CVB Indus. Cont.*, ---F. Supp. 3d ----, 2023 WL 6542316, at *1 (M.D. Ga. Oct. 6, 2023). Plaintiff's 13-page Reply is considered properly filed, *nunc pro tunc*, as of April 23, 2024.

omitted any arguments about the constitutionality of the limits on § 1988 attorneys' fees as applied to prisoners because Plaintiff gave them literally nothing to target in his Fee Petition. [Doc. 325, p. 1 n.1]. What Plaintiff generously characterizes as an "argument" strains credulity. [Doc. 336, p. 2]. Entombed in a footnote in his Fee Petition, Plaintiff mentioned his intent to challenge the constitutionality of the cap through reliance on some undefined "caselaw not previously considered by this Circuit." [Doc. 325, p. 1 n.1]. That's it. Not a single citation. Not one glancing reference to Federal Rule of Civil Procedure 5.1. Not even so much as a hint in which of the other circuits Plaintiff found cases supporting his contention that Congress violated the Constitution when it passed § 1997e(d).

In this district, "every motion in a civil proceeding shall be accompanied by a memorandum of law *citing supporting authorities*." LR 7.1, MDGa (emphasis added). Plaintiff's Fee Petition unequivocally failed to cite to his supporting authorities—leaving it to Defendants and even the Court to go and figure out what those authorities were. Therefore, to properly put his constitutional challenge before the Court, Plaintiff needed to, at a minimum, cite the case law he says has yet to be considered "by this Circuit" in his Fee Petition, but he didn't. [Doc. 325, p. 1 n.1].

If a party wants a court to declare a statute unconstitutional, then he must say so *and then* argue the point, including providing the Court and his adversary with any authority that supports his case. LR 7.1, MDGa. A drive-by mention that a party *intends*

to challenge a statute's constitutionality doesn't suffice.[2] *Mayer v. Holiday Inn Club Vacations, Inc.*, --- F. 4th ---, 2024 WL 1759143, at *4 n.7 (11th Cir. April 24, 2024) (quoting *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013)) ("Merely making passing references to a claim . . . is insufficient. Instead, the party must clearly and unambiguously demarcate the specific claim and devote a discrete section of his argument to it so the court may properly consider it."). By now, it's clear that "[a] party fails to adequately 'brief' a claim when he does not 'plainly and prominently' raise it, 'for instance by devoting a discrete section of his argument to those claims.'" *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

To the extent Plaintiff hoped that his brisk mention of the buzzwords "challenge," "constitutionality," and "every conceivable basis," might have tempted Defendants to play their hand first or induce the Court to consider the constitutional issue, that's not how it works. [Doc. 325, p. 1, n.1]. Simply mentioning an intent to make *a constitutional challenge*—without literally anything else—isn't anywhere near good enough to say that Plaintiff advanced any argument that presented the issue in a non-

---

[2] The Middle District of Georgia's Local Rules require motions for attorneys' fees to be filed within 14 days from the entry of a judgment. LR 54.1, MDGa. Here, the Clerk of Court entered the relevant Judgment on March 6, 2024, and Plaintiff filed his Fee Petition at 8:36 p.m. on the last day of the 14-day deadline. [Doc. 320]. While this is of little to no significance to the Court (hence why it's included in a footnote), it could be that Plaintiff nearly missed the deadline to file his Fee Petition and that contributed, not to any legitimate "argument" on the constitutionality of § 1997e(d), but to his initial two-page brief with a less-than-prominent inclusion that he "intends" to make the argument at some undefined point in the future. [Doc. 325, p. 1, n.1]. At the end of the day, though, Plaintiff timely filed his Fee Petition, and that's what's important.

perfunctory manner. *See Sapuppo*, 739 F.3d at 681. As the party seeking to challenge the constitutionality of § 1997e(d), it is axiomatic—not to mention sound legal strategy—that Plaintiff should have placed his best and strongest arguments in his initial brief, not save them for his Reply. Rather than properly present well-reasoned arguments on the constitutionality of § 1997e(d) as he should have, Plaintiff reduced his version of an "argument" to a single sentence in a footnote. *Latite Roofing & Sheet Metal, LLC v. Occupational Safety & Health Rev. Comm'n*, No. 20-14793, 2021 WL 4912479, at *1 n.1 (11th Cir. Oct. 21, 2021) (confirming "that an issue only raised in a footnote is not properly raised before [a] [c]ourt and is waived[]"). Such a fleeting reference of the constitutionality issue cannot—in the Court's opinion—possibly be stretched to say that Plaintiff himself even "grapple[d]" with his own concerns about § 1997e(d). [Doc. 336, p. 2].

What the Court sees here is Plaintiff's hope that by just mentioning his intent to "contest[] 'every conceivable basis which might support' 42 U.S.C. § 1997e(d)" would buy him some time so that he could flesh out what should have been presented in his Fee Petition but later put in his Reply. [*Id.* (quoting *Jackson*, 331 F.3d at 798)]. Plaintiff's failure to even mention—let alone *apply*—the mysterious case law unconsidered by the Eleventh Circuit in his Fee Petition means that he waived the issue. *See Brown*, 720 F.3d at 1332–33; *Melford v. Kahane and Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)) ("Issues adverted to in a

7

perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Given that Plaintiff waived his constitutional challenge because of his ill-conceived placement of developed arguments in his Reply, the Court, in exercising its discretion, did not consider the constitutionality of § 1997e(d). *Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 856 (11th Cir. 2006) (finding that the district court did not abuse its discretion in refusing to consider an argument raised for the first time in a reply brief); *Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012) (finding that the district court "had no obligation to consider an argument raised for the first time in the reply brief"). Thus, there's no need for Defendants to engage in additional briefing on a waived issue, so their Motion to File Surreply [Doc. 338] as it relates to Plaintiff's constitutional challenge is **DENIED as moot**. However, to the extent Defendants seek to file a surreply with respect to Plaintiff's "arguments and explanations that were not included in the initial bill of costs and its supporting memorandum," the Court **GRANTS** leave to do so. [Doc. 338, p. 1]. Defendants must file the aforementioned surreply by April 29, 2024.

C. <u>Conclusion</u>

Without any consideration to Plaintiff's "argument" as to the constitutionality of the cap on attorneys' fees imposed by 42 U.S.C. § 1997e(d)(2), the Court **GRANTS in part** and **DENIES in part** his Fee Petition [Doc. 325]. Plaintiff is entitled to a statutorily

capped fee recovery in the amount of **$25,001.25**, and the Clerk of Court is **DIRECTED** to enter Judgment to that effect. Lastly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to File Surreply [Doc. 338] as further set out above.

    **SO ORDERED**, this 26th day April, 2024.

                                                    *S/ Tilman E. Self, III*
                                                    **TILMAN E. SELF, III, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**